1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF TEXAS
 2                         FORT WORTH DIVISION

 3     UNITED STATES OF AMERICA        .   CRIMINAL ACTION NO.
                                       .   4:19-CR-116-O-1
 4                                     .   4:19-CR-129-Y-1
                                       .   4:19-CR-137-O-1
 5                                     .   4:19-CR-139-O-1
       V.                              .
 6                                     .
       OSCAR OREGEL, SR.               .
 7     RUBEN BELTRAN CASTANON          .
       MICHAEL KYLE SEWELL             .   Fort Worth, Texas
 8     BOBBY JOE GOVEA                 .   May 8, 2019
       . . . . . . . . . . . . . . . . .
 9

10                     TRANSCRIPT OF PROCEEDINGS
                          (Guilty Plea Hearing)
11            BEFORE THE HONORABLE JEFFREY L. CURETON
                  UNITED STATES MAGISTRATE JUDGE
12

13

14     APPEARANCES:

15     For the Government:          MS. AISHA SALEEM
                                    MR. J. STEVENSON WEIMER
16                                  United States Attorney's Office
                                    801 Cherry Street, Suite 1700
17                                  Fort Worth, Texas  76102-6897
                                    (817) 252-5200
18
       For Defendant Oregel:       MR. SCOTT H. PALMER
19                                  Attorney at Law
                                    15455 Dallas Parkway
20                                  Suite 540 LB 32
                                    Addison, Texas   75001
21                                  (214) 987-4100

22     For Defendant Beltran:      MR. JOHN J. STICKNEY
                                    Federal Public Defender
23                                  819 Taylor Street, Room 9A10
                                    Fort Worth, Texas  76102
24                                  (817) 978-2753

25
```

2

```
1    APPEARANCES:  (Cont.)

2    For Defendant Sewell:        MR. BROOK ANTONIO
                                  Federal Public Defender
3                                 819 Taylor Street, Room 9A10
                                  Fort Worth, Texas  76102
4                                 (817) 978-2753

5    For Defendant Govea:         MS. JAIDEE SERRANO
                                  Federal Public Defender
6                                 819 Taylor Street, Room 9A10
                                  Fort Worth, Texas  76102
7                                 (817) 978-2753

8    Court Reporter:              MS. ANA P. WARREN
                                  U.S. District Court Reporter
9                                 501 W. 10th Street, Room 502
                                  Fort Worth, Texas  76102-3637
10                                (817) 850-6681

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.
```

3

*P R O C E E D I N G S*

1

2      (Commencing, 9:40 a.m.)

3           THE COURT:  The Court has several matters that are

4      set for guilty plea at arraignment or rearraignment.  So as I

5      call your name, if you will please come forward and stand

6      before the bench, you will be joined by your counsel.

7      We'll begin with Cause Number 4:19-CR-116, United States

8      versus Oscar Oregel.  Ms. Aisha Saleem is present for the

9      government and Mr. Scott Palmer for the defense.

10      Yes, if you will come right around front.

11      Cause Number 4:19-CR-129, United States versus Ruben

12      Castanon.  Ms. Saleem for the government and Mr. John Stickney

13      for the defense.

14      Cause Number 4:19-CR-137, United States versus Michael

15      Sewell.  Mr. Jay Weimer for the government.  Mr. Brook Antonio

16      for the defense.

17      And, finally, Cause Number 4:19-CR-139, United States

18      versus Bobby Govea.  Ms. Saleem for the government and

19      Mr. Jaidee Serrano for the defense.

20      For this proceeding, I need to have each defendant placed

21      under oath.  Would you please raise your right hand to the

22      best of your ability and be sworn by my clerk?

23      (Defendants sworn by the clerk)

24           THE COURT:  Very good.  I'll have the record reflect

25      that each defendant answered in the affirmative.

4

1        I will ask that you speak up nice and loud for me.  It's a

2   big courtroom, and that way I can hear you and the court

3   reporter can hear your responses.

4        Would you state your full name for the record, beginning

5   over here with Mr. Oregel?

6            DEFENDANT OREGEL:  Oscar Oregel, Your Honor.

7            THE COURT:  Thank you.  No middle name, sir?

8            DEFENDANT OREGEL:  No.

9            THE COURT:  Mr. Castanon?

10           DEFENDANT BELTRAN:  Ruben Beltran Castanon.

11           THE COURT:  And you primarily go by the last name

12  Castanon?

13           DEFENDANT BELTRAN:  Beltran.

14           THE COURT:  Beltran.  Thank you.

15       Mr. Sewell?

16           DEFENDANT SEWELL:  Michael Kyle Sewell.

17           THE COURT:  Thank you.

18       Mr. Govea?

19           DEFENDANT GOVEA:  Bobby Joe Govea, Jr., Your Honor.

20           THE COURT:  I appreciate that.

21       Is your name spelled correctly in the information filed

22  against you, Mr. Oregel?

23           DEFENDANT OREGEL:  Yes, it is, sir.

24           THE COURT:  Mr. Beltran, is your name spelled

25  correctly in your indictment?

5

1          DEFENDANT BELTRAN:  Yes, sir.

2          THE COURT:  Mr. Sewell, is your name spelled

3    correctly in your information?

4          DEFENDANT SEWELL:  Yes, Your Honor.

5          THE COURT:  And in yours, Mr. Govea?

6          DEFENDANT GOVEA:  Yes, Your Honor.

7          THE COURT:  Do each of you understand that you are

8    now under oath, and if you answer any of the Court's questions

9    falsely, your answers could later be used against you in a

10   prosecution for perjury or for making a false statement?

11      Do you understand, Mr. Oregel?

12         DEFENDANT OREGEL:  Yes, Your Honor.

13         THE COURT:  Mr. Beltran?

14         DEFENDANT BELTRAN:  Yes, sir.

15         THE COURT:  Mr. Sewell?

16         DEFENDANT SEWELL:  Yes, Your Honor.

17         THE COURT:  Mr. Govea?

18         DEFENDANT GOVEA:  Yes, Your Honor.

19         THE COURT:  Do you read, write, and understand the

20   English language?

21      Mr. Oregel?

22         DEFENDANT OREGEL:  Yes, Your Honor.

23         THE COURT:  Mr. Beltran?

24         DEFENDANT BELTRAN:  No, Your Honor.

25         THE COURT:  Mr. Sewell?

6

1          DEFENDANT SEWELL:  Yes, Your Honor.

2          THE COURT:  Mr. Govea?

3          DEFENDANT GOVEA:  Yes, Your Honor.

4          THE COURT:  As to Mr. Beltran, I note that Ms. Yovana

5   Gonzalez has been sworn as the court interpreter and is

6   providing that service.  Are you able to understand the

7   proceedings through the court interpreter?

8          DEFENDANT BELTRAN:  Yes.

9          THE COURT:  Very well.  To all defendants, do you

10  understand that I am conducting this hearing rather than the

11  district judge in your case based upon your consent?  However,

12  it's the district judge who retains all final decision-making

13  authority over your plea, and it's the district judge who will

14  conduct any sentencing in your case.

15     Do you understand, Mr. Oregel?

16          DEFENDANT OREGEL:  Yes, Your Honor.

17          THE COURT:  Mr. Beltran?

18          DEFENDANT BELTRAN:  Yes, sir.

19          THE COURT:  Mr. Sewell?

20          DEFENDANT SEWELL:  Yes, Your Honor.

21          THE COURT:  Mr. Govea?

22          DEFENDANT GOVEA:  Yes, Your Honor.

23          THE COURT:  I have been provided in each case a

24  document entitled "Consent to Administration of Guilty Plea

25  and Allocution by a United States Magistrate Judge," and these

7

1    consent forms appear to be signed by each defendant and his

2    counsel.

3         Is it your signature on your consent form, Mr. Oregel?

4              DEFENDANT OREGEL:  Yes, Your Honor.

5              THE COURT:  Mr. Beltran?

6              DEFENDANT BELTRAN:  Yes, sir.

7              THE COURT:  Mr. Sewell?

8              DEFENDANT SEWELL:  Yes, Your Honor.

9              THE COURT:  And Mr. Govea?

10             DEFENDANT GOVEA:  Yes, Your Honor.

11             THE COURT:  Very well.  Then I find that each of the

12   defendants has knowingly and voluntarily waived his right to

13   enter a guilty plea before the district judge and has

14   consented to proceed before me in that plea today.

15        Let me give you some general instructions.  You may, if

16   you choose, plead not guilty to any offense charged against

17   you or persist in that plea if it's already been made, and if

18   you plead not guilty, the Constitution of the United States

19   guarantees you the following rights:

20        You have the right to a speedy and public jury trial in

21   this district.  You have the right at such a trial for you to

22   confront, that is, to see, hear, and cross examine all

23   witnesses against you.  You have the right to use the power

24   and the process of this Court to compel the production of any

25   evidence including the attendance of any witnesses on your

8

1    behalf.

2        You have the right to have the assistance of an attorney

3    at all stages of the proceedings, and if you cannot afford an

4    attorney, an attorney will be appointed for you as has been

5    done in many of these cases.

6        At such a trial, you could not be compelled to testify,

7    and whether you would testify would be a matter in which your

8    judgment alone would control.  At such a trial, the United

9    States would be required to prove your guilt beyond a

10   reasonable doubt, and if you are found guilty, you would have

11   the right to appeal that conviction.

12       Do each of you understand that you have and are guaranteed

13   each of those constitutional rights?

14       Mr. Oregel?

15           DEFENDANT OREGEL:  Yes, Your Honor.

16           THE COURT:  Mr. Beltran?

17           DEFENDANT BELTRAN:  Yes, sir.

18           THE COURT:  Mr. Sewell?

19           DEFENDANT SEWELL:  Yes, Your Honor.

20           THE COURT:  Mr. Govea?

21           DEFENDANT GOVEA:  Yes, Your Honor.

22           THE COURT:  On the other hand, if you plead guilty

23   and if that guilty plea is accepted by the Court, there will

24   not be a further trial of any kind, so that by pleading guilty

25   you waive your right to a trial as well as those rights that

9

1    are associated with a trial as I've explained them.

2        Do you understand, Mr. Oregel?

3            DEFENDANT OREGEL:  Yes, Your Honor.

4            THE COURT:  Mr. Beltran?

5            DEFENDANT BELTRAN:  Yes, sir.

6            THE COURT:  Mr. Sewell?

7            DEFENDANT SEWELL:  Yes, Your Honor.

8            THE COURT:  Mr. Govea?

9            DEFENDANT GOVEA:  Yes, Your Honor.

10            THE COURT:  Generally, a defendant who is accused of

11    a crime cannot plead guilty unless he is actually guilty of

12    that crime.  In federal court the judge determines the

13    sentence when a defendant is convicted whether that conviction

14    is on the basis of a jury verdict or upon a plea of guilty.

15        The Court has not and will not talk to anyone about the

16    facts of your case except here in your presence where you and

17    your attorney and representatives of the government are all

18    present.  However, if a guilty verdict is entered, a

19    presentence report will be prepared and the Court will review

20    that report with probation officers outside of your

21    presence.

22        If you plead guilty, you will be convicted.  However, you

23    and your attorney each will be given an opportunity to present

24    to the Court any pleas for leniency.  The penalty will be

25    decided based upon the facts heard in court.  You should never

1   depend or rely upon any promise or statement by anyone whether

2   connected with law enforcement or the government or anyone

3   else as to what penalty will be assessed against you.

4       Should you decide to plead guilty, your plea of guilty

5   must not be induced or prompted by any promises, pressure,

6   threats, force or coercion of any kind.  A plea of guilty must

7   be purely voluntary, and you should plead guilty only because

8   you are guilty and for no other reason.

9       Do each of you understand all of my explanations with

10  regard to the process and the consequences of pleading guilty?

11      Mr. Oregel?

12          DEFENDANT OREGEL:  Yes, Your Honor.

13          THE COURT:  Mr. Beltran?

14          DEFENDANT BELTRAN:  Yes, sir.

15          THE COURT:  Mr. Sewell?

16          DEFENDANT SEWELL:  Yes, Your Honor.

17          THE COURT:  Mr. Govea?

18          DEFENDANT GOVEA:  Yes, Your Honor.

19          THE COURT:  Under the Sentencing Reform Act of 1984

20  as it's been construed by our Supreme Court, the United States

21  Sentencing Commission has issued advisory guidelines for

22  judges to consider in determining a sentence in a criminal

23  case.

24      Have each of you discussed with your attorney the charges

25  against you, the matter of sentencing, and how those

1    sentencing guidelines might apply in your case?

2        Have you done so, Mr. Oregel?

3            DEFENDANT OREGEL:  Yes, Your Honor.

4            THE COURT:  Mr. Beltran?

5            DEFENDANT BELTRAN:  Yes, sir.

6            THE COURT:  Mr. Sewell?

7            DEFENDANT SEWELL:  Yes, Your Honor.

8            THE COURT:  Mr. Govea?

9            DEFENDANT GOVEA:  Yes, Your Honor.

10           THE COURT:  Even so, I must inform you that in

11   determining the sentence it is the Court's obligation to

12   calculate the applicable sentencing guideline range and to

13   consider that range, along with any possible departures under

14   the guidelines, and any other sentencing factors under 18,

15   USC, Section 3553(a).

16       The Court is not bound by facts that may be stipulated

17   between you and your attorney on the one hand and the

18   government on the other.  The Court can impose punishment that

19   might disregard stipulated facts or take into account facts

20   that are not mentioned in the stipulations, and in that event,

21   you might not even be permitted to withdraw your plea of

22   guilty.

23       The Court will not be able to determine the proper

24   guideline range for your case until after that presentence

25   report has been completed and both you and the government have

12

1    had an opportunity to challenge the facts and the conclusions

2    that are in that report.  After the Court has determined the

3    proper guideline range under the facts of your case, the Court

4    has the authority to impose a sentence that is above, below,

5    or within that guideline range as long as the sentence imposed

6    is reasonable and it's based upon the facts and the law.

7         You have the right to appeal the sentence the Court

8    imposes unless you waive that right, and under some

9    circumstances, the government also has the right to appeal.

10        Finally, I inform you that within the federal system

11   parole has been abolished, so that if you are sentenced to

12   imprisonment, you will not be released on parole.

13        Do each of you understand all of my explanations with

14   regard to sentencing?

15        Mr. Oregel?

16            DEFENDANT OREGEL:  Yes, Your Honor.

17            THE COURT:  Mr. Beltran?

18            DEFENDANT BELTRAN:  Yes, sir.

19            THE COURT:  Mr. Sewell?

20            DEFENDANT SEWELL:  Yes, Your Honor.

21            THE COURT:  Mr. Govea?

22            DEFENDANT GOVEA:  Yes, sir -- yes, Your Honor.

23            THE COURT:  How old are you, Mr. Oregel?

24            DEFENDANT OREGEL:  Forty-four.

25            THE COURT:  Say that again?

1          DEFENDANT OREGEL:  Forty-four.

2          THE COURT:  Forty-four.  All right.  Thank you.

3     Mr. Beltran?

4          DEFENDANT BELTRAN:  Forty-three.

5          THE COURT:  Mr. Sewell?

6          DEFENDANT SEWELL:  Eighteen years old.

7          THE COURT:  Mr. Govea?

8          DEFENDANT GOVEA:  Thirty-two.

9          THE COURT:  How far did each of you go in school?

10    Mr. Oregel?

11         DEFENDANT OREGEL:  11th Grade.

12         THE COURT:  Mr. Castanon -- Mr. Beltran?

13         DEFENDANT BELTRAN:  4th Grade of elementary school.

14         THE COURT:  Okay.  Despite not going further in your

15    formal education, are you comfortable understanding today's

16    proceeding?

17         DEFENDANT SEWELL:  Yes.

18         THE COURT:  How far did you go in your education,

19    Mr. Sewell?

20         DEFENDANT SEWELL:  12th Grade.

21         THE COURT:  And you Mr. Govea?

22         DEFENDANT GOVEA:  Community college, sir.

23         THE COURT:  Okay.  Thank you.

24      Are you currently or within the last six months, have you

25    been under the care of a physician or a psychiatrist?

14

1       Mr. Oregel?

2               DEFENDANT OREGEL:  Oh, no, sir.

3               THE COURT:  Mr. Beltran?

4               DEFENDANT BELTRAN:  No, sir.

5               THE COURT:  Mr. Sewell?

6               DEFENDANT SEWELL:  Yes, sir.

7               THE COURT:  Is there anything about the care or

8       treatment or any medication you might be on that would

9       interfere with your ability to understand what we are doing

10      here today, Mr. Sewell?

11              DEFENDANT SEWELL:  No, Your Honor.

12              THE COURT:  Mr. Govea, have you been under such care

13      or treatment?

14              DEFENDANT GOVEA:  No, sir -- no, Your Honor.

15              THE COURT:  Have any of you been recently

16      hospitalized or treated for narcotics addiction or alcoholism?

17          Mr. Oregel?

18              DEFENDANT OREGEL:  No, Your Honor.

19              THE COURT:  Mr. Beltran?

20              DEFENDANT BELTRAN:  No, sir.

21              THE COURT:  Mr. Sewell?

22              DEFENDANT SEWELL:  No, Your Honor.

23              THE COURT:  Mr. Govea?

24              DEFENDANT GOVEA:  No, Your Honor.

25              THE COURT:  Are you now under the influence of

1    alcohol or any narcotic drug?

2        Mr. Oregel?

3            DEFENDANT OREGEL:  No, Your Honor.

4            THE COURT:  Mr. Beltran?

5            DEFENDANT BELTRAN:  No, Your Honor.

6            THE COURT:  Mr. Sewell?

7            DEFENDANT SEWELL:  No, Your Honor.

8            THE COURT:  Mr. Govea?

9            DEFENDANT GOVEA:  No, Your Honor.

10           THE COURT:  Do any of you suffer from any emotional

11   or mental disability?

12       Mr. Oregel?

13           DEFENDANT OREGEL:  No, Your Honor.

14           THE COURT:  Mr. Beltran?

15           DEFENDANT BELTRAN:  No, sir.

16           THE COURT:  Mr. Sewell?

17           DEFENDANT SEWELL:  No, Your Honor.

18           THE COURT:  Mr. Govea?

19           DEFENDANT GOVEA:  No, Your Honor.

20           THE COURT:  Are you of sound mind and do you fully

21   understand what it is we're doing here this morning?

22       Mr. Oregel?

23           DEFENDANT OREGEL:  Yes, Your Honor.

24           THE COURT:  Mr. Beltran?

25           DEFENDANT BELTRAN:  Yes, sir.

16

1          THE COURT:  Mr. Sewell?

2          DEFENDANT SEWELL:  Yes, Your Honor.

3          THE COURT:  Mr. Govea?

4          DEFENDANT GOVEA:  Yes, Your Honor.

5          THE COURT:  To defense counsel, do you have any

6   reason to believe your client is not fully competent to enter

7   a plea of guilty?

8      Mr. Palmer?

9          MR. PALMER:  No, Your Honor.  I believe he's

10  competent to enter a plea of guilty.

11         THE COURT:  Thank you.

12      Mr. Stickney?

13         MR. STICKNEY:  No, Your Honor.

14         THE COURT:  Mr. Antonio?

15         MR. ANTONIO:  No, Your Honor.

16         THE COURT:  Ms. Serrano?

17         MS. SERRANO:  No, Your Honor.

18         THE COURT:  And do each of you believe that the plea

19  of guilty your client proposes to make will be a knowing and

20  voluntary plea?

21      Mr. Palmer?

22         MR. PALMER:  Yes, Your Honor.

23         THE COURT:  Mr. Stickney?

24         MR. STICKNEY:  Yes, Your Honor.

25         THE COURT:  Mr. Antonio?

17

1          MR. ANTONIO:  Yes, Your Honor.

2          THE COURT:  Ms. Serrano?

3          MS. SERRANO:  Yes, Your Honor.

4          THE COURT:  All right.  So all but Mr. Beltran before

5    the Court are pleading pursuant to an information filed

6    against him.  So I need to go over that process with those

7    defendants.

8        Mr. Oregel, Mr. Sewell and Mr. Govea, you are each charged

9    with felony offenses.  Under the United States Constitution,

10   you may not be charged with a felony offense unless a grand

11   jury finds by the return of an indictment that a felony

12   occurred and that you committed it.  However, you may waive

13   your right to indictment by the grand jury and consent to

14   being charged by way of an information filed by the United

15   States Attorney's Office.

16       The felony charges against each of you have been brought

17   by the U.S. Attorney by the filing of just such an

18   information.  If you do not waive indictment and the

19   government wishes to pursue this charge against you, then the

20   government must present its case to a grand jury and request

21   the grand jury to return an indictment on the charge.

22       A grand jury is composed of at least 16 but not more than

23   23 persons, and at least 12 grand jurors must find that there

24   is probable cause to believe that you committed the offense

25   with which you're charged before you can be indicted.  So the

18

1   government might or it might not indict you on this charge,

2   but if you waive your right to indictment by the grand jury,

3   the case will proceed against you based on the information

4   filed by the U.S. Attorney's Office just as though you have

5   been indicted.

6       So let me ask each of you.  Have you discussed with your

7   attorney the matter of waiving your right to indictment by the

8   grand jury, and do you fully understand that right?

9       Mr. Oregel?

10          DEFENDANT OREGEL:  Yes, Your Honor.

11          THE COURT:  Mr. Sewell?

12          DEFENDANT SEWELL:  Yes, Your Honor.

13          THE COURT:  Mr. Govea?

14          DEFENDANT GOVEA:  Yes, Your Honor.

15          THE COURT:  Have any threats or promises been made in

16  an effort to induce you to waive indictment?

17      Mr. Oregel?

18          DEFENDANT OREGEL:  No, Your Honor.

19          THE COURT:  Mr. Sewell?

20          DEFENDANT SEWELL:  No, Your Honor.

21          THE COURT:  Mr. Govea?

22          DEFENDANT GOVEA:  No, Your Honor.

23          THE COURT:  And is it your wish and desire to waive

24  indictment by the grand jury?

25      Mr. Oregel?

19

1             DEFENDANT OREGEL:  Yes, Your Honor.

2             THE COURT:  Mr. Beltran -- I'm sorry, Mr. Sewell?

3             DEFENDANT SEWELL:  No, Your Honor.

4             THE COURT:  And Mr. Govea, is it your desire to waive

5  indictment?

6             DEFENDANT GOVEA:  Yes, sir.

7             THE COURT:  The final question on this topic, I see

8  that written waiver of indictments have been submitted with

9  papers in each case and appear to be signed by each defendant

10  and his counsel.

11     Is it your signature on that written waiver?

12     Mr. Oregel?

13             DEFENDANT OREGEL:  Yes, Your Honor.

14             THE COURT:  Mr. Sewell?

15             DEFENDANT SEWELL:  Yes, Your Honor.

16             THE COURT:  Is it your signature on the written

17  waiver?

18             DEFENDANT SEWELL:  Yes, Your Honor.

19             THE COURT:  And Mr. Govea?

20             DEFENDANT GOVEA:  Yes, Your Honor.

21             THE COURT:  Very well.  I find that each of the

22  defendants has knowingly and voluntarily waived their right to

23  indictment by the grand jury and it is accepted here in court.

24     Have each of you received a copy of the charges against

25  you, your superseding indictment, Mr. Oregel?

20

1          DEFENDANT OREGEL:  Yes, Your Honor.

2          THE COURT:  Have you received your indictment,

3    Mr. Beltran?

4          DEFENDANT BELTRAN:  Yes, sir.

5          THE COURT:  Have you received your information,

6    Mr. Sewell?

7          DEFENDANT SEWELL:  Yes, Your Honor.

8          THE COURT:  And yours, Mr. Govea?

9          DEFENDANT GOVEA:  Yes, Your Honor.

10          THE COURT:  Have each of you read or had read to you

11   the charges against you, and do you fully understand the

12   nature of the charges against you?

13      Mr. Oregel?

14          DEFENDANT OREGEL:  Yes, Your Honor.

15          THE COURT:  Mr. Beltran?

16          DEFENDANT BELTRAN:  Yes, sir.

17          THE COURT:  Mr. Sewell?

18          DEFENDANT SEWELL:  Yes, Your Honor.

19          THE COURT:  Mr. Govea?

20          DEFENDANT GOVEA:  Yes, Your Honor.

21          THE COURT:  It would be appropriate for the United

22   States Attorney in each case to now read the charges that you

23   intend to plead guilty to here in open court.  However,

24   because you fully understand the nature of the charges against

25   you, I will allow you to waive the reading of your charges.

1      Do you wish to waive that reading?

2      Mr. Oregel?

3           DEFENDANT OREGEL:  Yes, Your Honor.

4           THE COURT:  Mr. Beltran?

5           DEFENDANT BELTRAN:  Yes.

6           THE COURT:  Mr. Sewell?

7           DEFENDANT SEWELL:  No, Your Honor.

8           THE COURT:  Do you wish to have them read or waived?

9           DEFENDANT SEWELL:  I'm sorry.  I apologize.  Yes,

10    Your Honor.

11           THE COURT:  So you're waiving the reading of your

12    charges?

13           DEFENDANT SEWELL:  Yes, Your Honor.

14           THE COURT:  And Mr. Govea, do you wish to waive the

15    reading?

16           DEFENDANT GOVEA:  Yes, Your Honor.

17           THE COURT:  You also have the right to have explained

18    to you the essential elements of the offense to which you are

19    pleading.  This is what the government would be required to

20    prove at your trial.  They are set forth in your factual

21    resume if you would like to follow along, and we're going to

22    go over that document a little bit later.  So I'm going to

23    call upon the United States Attorney in each case to now set

24    forth the essential elements.  Please listen carefully as your

25    case is called, beginning with Mr. Oregel?

22

1          MS. SALEEM:  The essential elements for Mr. Oregel

2     are as follows:

3          First, that the defendant knowingly possessed a controlled

4     substance.

5          Second, that the substance was, in fact, a mixture or

6     substance containing a detectable amount of heroin.

7          And, third, that the defendant possessed the substance

8     with the intent to distribute it.

9          THE COURT:  Mr. Oregel, do you understand and admit

10     that you committed all of the essential elements of that

11     offense?

12          DEFENDANT OREGEL:  Yes, Your Honor.

13          THE COURT:  As to Mr. Beltran?

14          MS. SALEEM:  The essential elements for Mr. Beltran

15     are as follows:

16          First, that on or about the date alleged the defendant was

17     an alien.

18          Second, that the defendant was previously deported and

19     removed from the United States.

20          Third, that the defendant was found in the United

21     States.

22          And, fourth, that the defendant had not received the

23     express consent of either the Attorney General of the United

24     States or the Secretary of the Department of Homeland Security

25     to reapply for admission to the United States since the time

1    of the defendant's deportation.

2            THE COURT:  And, Mr. Beltran, do you understand and

3    admit that you committed all of the essential elements of that

4    offense?

5            DEFENDANT BELTRAN:  Yes, sir.

6            THE COURT:  As to Mr. Sewell?

7            MR. STEVENSON:  Your Honor, as to Mr. Sewell, the

8    government would have to establish:

9        First, that the defendant knowingly conspired with another

10   person to provide materials, support or resources to a

11   designated foreign terrorist organization.

12       Second, that the defendant did so knowing that

13   the organization was a designated terrorist organization or

14   that the organization had engaged or was engaging in terrorist

15   activity or terrorism.

16       And, third, that the defendant was a citizen of the United

17   States.

18           THE COURT:  Mr. Sewell, do you understand and admit

19   that you committed all of the essential elements of that

20   offense?

21           DEFENDANT SEWELL:  Yes, Your Honor.

22           THE COURT:  As to Mr. Govea?

23           MS. SALEEM:  The essential elements are:

24       First, that the defendant knowingly possessed ammunition.

25       Second, before the defendant possessed the ammunition, he

24

1    had been convicted in a court of a crime punishable by

2    imprisonment for a term exceeding one year, that is, a felony

3    offense.

4        And, third, that possession of the ammunition affected

5    interstate or foreign commerce.  That is, before the defendant

6    possessed the charged ammunition, it had traveled at one time

7    from one state to another or from between any part of the

8    United States and any country.

9             THE COURT:  Mr. Govea, do you understand and admit

10   that you committed all of the essential elements of that

11   offense?

12            DEFENDANT GOVEA:  Yes, Your Honor.

13            THE COURT:  To all defendants, you are appearing here

14   today with your attorney.  You have indicated to me that you

15   have discussed with your counsel the charges against you, the

16   matter of punishment and how the sentencing guidelines might

17   apply in your case.

18       Are each of you satisfied with the representation and

19   advice that you have received from your attorney?

20       Mr. Oregel?

21            DEFENDANT OREGEL:  Yes, Your Honor.

22            THE COURT:  Mr. Beltran?

23            DEFENDANT BELTRAN:  Yes, sir.

24            THE COURT:  Mr. Sewell?

25            DEFENDANT SEWELL:  Yes, Your Honor.

25

1          THE COURT:  Mr. Govea?

2          DEFENDANT GOVEA:  Yes, Your Honor.

3          THE COURT:  There is a plea agreement before the

4    Court as to Mr. Oregel.  So I need to go over that with you

5    for a few moments.

6       I have been provided a plea agreement with waiver of

7    appeal.  Is there a supplement in this matter?

8          MS. SALEEM:  No, Your Honor.

9          THE COURT:  So I'll ask you some questions about the

10   plea agreement I've been provided, Mr. Oregel.

11      First, it appears to be signed by you.  Is it your

12   signature on Page 7 of your plea agreement?

13         DEFENDANT OREGEL:  Yes, Your Honor.

14         THE COURT:  And did you read or have read to you your

15   plea agreement, and do you fully understand this document?

16         DEFENDANT OREGEL:  Yes, Your Honor.

17         THE COURT:  By placing your signature upon the plea

18   agreement, are you asking the Court to accept and approve your

19   plea agreement with the government?

20         DEFENDANT OREGEL:  Yes, Your Honor.

21         THE COURT:  There is a waiver of appeal paragraph,

22   Paragraph 11, on Page 6.  So I just want to specifically

23   direct your attention to that paragraph and ask you, did you

24   read and discuss with your attorney the waiver of appeal

25   paragraph?

1          DEFENDANT OREGEL:  Yes, Your Honor.

2          THE COURT:  Do you knowingly and voluntarily waive

3     your right to appeal as set forth in that paragraph?

4          DEFENDANT OREGEL:  Yes, Your Honor.

5          THE COURT:  Are all of the terms of your agreement

6     with the government set forth in this plea agreement document?

7          DEFENDANT OREGEL:  Yes, Your Honor.

8          THE COURT:  Did you voluntarily and of your own free

9     will enter into the plea agreement with the government?

10         DEFENDANT OREGEL:  Yes, Your Honor.

11         THE COURT:  Other than the written plea agreement,

12    has anyone made any promise or assurance to you of any kind in

13    an effort to induce you to enter a plea of guilty in your

14    case?

15         DEFENDANT OREGEL:  No, Your Honor.

16         THE COURT:  I'll note that the plea agreement is on

17    file as document Number 22 with the other papers in your

18    case.

19       Let me ask the other defendants.  Has anyone made any

20    promise or assurance to you of any kind in an effort to induce

21    you to enter a plea of guilty in your case?

22       Mr. Beltran?

23         DEFENDANT BELTRAN:  No, sir.

24         THE COURT:  Mr. Sewell?

25         DEFENDANT SEWELL:  No, Your Honor.

27

1              THE COURT:  Mr. Govea?

2              DEFENDANT GOVEA:  No, Your Honor.

3              THE COURT:  Has anyone -- to all defendants, has

4    anyone mentally, physically, or in any other way attempted to

5    force you to plead guilty in your case?

6       Mr. Oregel?

7              DEFENDANT OREGEL:  No, Your Honor.

8              THE COURT:  Mr. Beltran?

9              DEFENDANT BELTRAN:  No, sir.

10             THE COURT:  Mr. Sewell?

11             DEFENDANT SEWELL:  No, Your Honor.

12             THE COURT:  Mr. Govea?

13             DEFENDANT GOVEA:  No, Your Honor.

14             THE COURT:  Do each of you understand that if your

15   plea of guilty is accepted by the Court, you will be adjudged

16   guilty of the charge against you, and your punishment will be

17   assessed somewhere within the range of punishment that is

18   provided by statute?

19      Do you understand, Mr. Oregel?

20             DEFENDANT OREGEL:  Yes, Your Honor.

21             THE COURT:  Mr. Beltran?

22             DEFENDANT BELTRAN:  Yes, sir.

23             THE COURT:  Mr. Sewell?

24             DEFENDANT SEWELL:  Yes, Your Honor.

25             THE COURT:  Mr. Govea?

28

1      DEFENDANT GOVEA:  Yes, Your Honor.

2      THE COURT:  Are you a citizen of the United States?

3  Mr. Oregel?

4      DEFENDANT OREGEL:  Yes, I am.

5      THE COURT:  Mr. Beltran?

6      DEFENDANT BELTRAN:  No, sir.

7      THE COURT:  Mr. Sewell?

8      DEFENDANT SEWELL:  Yes, Your Honor.

9      THE COURT:  Mr. Govea?

10     DEFENDANT GOVEA:  Yes, Your Honor.

11     THE COURT:  First, as to Mr. Beltran, I must inform

12  you that conviction in your case could result in deportation.

13  That is, you could be required to leave the United States and

14  it could adversely affect your ability to ever become a

15  citizen of the United States.

16     Have you discussed with your attorney the probability that

17  you could be deported if you are adjudged guilty of the charge

18  against you and that your deportation by U.S. Immigration

19  officials may even be mandatory or certain?

20     Have you done so?

21     DEFENDANT BELTRAN:  Yes, sir.

22     THE COURT:  As to the remaining defendants, as

23  citizens, I need to inform you that the offense to which you

24  are pleading guilty is a felony and conviction of a felony may

25  deprive you of valuable rights of your citizenship, such as

1    the right to vote, to hold public office, to ever serve on a

2    jury, to ever possess any kind of firearm, and other valuable

3    rights?

4        Do you understand that consequence, Mr. Oregel?

5            DEFENDANT OREGEL:  Yes, I do.

6            THE COURT:  Mr. Sewell?

7            DEFENDANT SEWELL:  Yes, Your Honor.

8            THE COURT:  Mr. Govea?

9            DEFENDANT GOVEA:  Yes, Your Honor.

10           THE COURT:  I'm going to call upon the United States

11   Attorney in each case to at this time state the potential

12   penalties for and consequences of conviction for the charge to

13   which each defendant proposes to plead.  Again, please listen

14   carefully as your case is called.

15           MS. SALEEM:  As to Mr. Oregel, the penalties the

16   Court can impose include imprisonment for a period not to

17   exceed 20 years.  A fine not to exceed $1 million, or twice

18   the pecuniary gain to the defendant or loss to the victims, or

19   both such fine and imprisonment.  A term of supervised release

20   of not less than three years, which may be mandatory under the

21   law and will follow any term of imprisonment.  If the

22   defendant violates any condition of the term of supervised

23   release, the Court may revoke such release term and require

24   the defendant serve an additional period of confinement.  A

25   mandatory special assessment of $100 and costs of

30

1    incarceration and supervision.

2            THE COURT:  Mr. Oregel, do you understand that if you

3    plead guilty, you may be subject to those penalties and

4    consequences just explained?

5            DEFENDANT OREGEL:  Yes, I do.

6            THE COURT:  As to Mr. Beltran?

7            MS. SALEEM:  The penalties the Court can impose

8    include imprisonment for a period not to exceed ten years, a

9    fine not to exceed $250,000, or both fine and imprisonment.  A

10   term of supervised release not to exceed three years, which

11   may be mandatory under the law and will follow any term of

12   imprisonment.  If the defendant violates the conditions of

13   supervised release, he could be imprisoned for an additional

14   term of imprisonment as long as the term of supervised

15   release.  A mandatory special assessment of $100, costs of

16   incarceration and supervision.  And the defendant recognizes

17   that pleading guilty may have consequences with respect to his

18   immigration status if he's not a citizen of the United States,

19   including removal from the United States.

20           THE COURT:  Mr. Beltran, do you understand that if

21   you plead guilty, you may be subject to those penalties and

22   consequences just explained?

23           DEFENDANT BELTRAN:  Yes, sir.

24           THE COURT:  As to Mr. Sewell?

25           MR. STEVENSON:  Your Honor, the penalties the Court

31

1    can impose include imprisonment for a period of not more than

2    20 years.  A fine not to exceed $250,000.  A term of

3    supervised release of any term of years to life.  If the

4    defendant violates the conditions of supervised release, he

5    could be imprisoned for an additional period of time.  A

6    mandatory special assessment of $100.  Restitution to the

7    victims or to the community, which may be mandatory under the

8    law, and costs of incarceration and supervision.

9            THE COURT:  Mr. Sewell, do you understand that if you

10   plead guilty, you may be subject to the penalties and

11   consequences just explained?

12           DEFENDANT SEWELL:  Yes, Your Honor.

13           THE COURT:  As to Mr. Govea.

14           MS. SALEEM:  The penalties the Court can impose

15   include imprisonment for a period not to exceed ten years.  A

16   fine not to exceed $250,000, or both such fine and

17   imprisonment.  A term of supervised release not to exceed

18   three years, which may be mandatory under the law and will

19   follow any term of imprisonment.  If the defendant violates

20   any condition of supervised release, the Court may revoke such

21   release term and require that the defendant serve an

22   additional period of confinement.  A mandatory special

23   assessment of $100.  Restitution to victims or to the

24   community, which may be mandatory under the law and which the

25   defendant agrees may include restitution arising from the

1    offense of conviction alone.  Forfeiture of firearms and

2    ammunition, and costs of incarceration and supervision.

3             THE COURT:  Mr. Govea, do you understand that if you

4    plead guilty, you may be subject to the penalties and

5    consequences just explained?

6             DEFENDANT GOVEA:  Yes, Your Honor.

7             THE COURT:  To all defendants, do you understand that

8    if the sentence you receive is more than you expect, you will

9    still be bound by your plea of guilty and you will have no

10   right to withdraw it?

11      Mr. Oregel?

12            DEFENDANT OREGEL:  Yes, Your Honor.

13            THE COURT:  Mr. Beltran?

14            DEFENDANT BELTRAN:  Yes, sir.

15            THE COURT:  Mr. Sewell?

16            DEFENDANT SEWELL:  Yes, Your Honor.

17            THE COURT:  Mr. Govea?

18            DEFENDANT GOVEA:  Yes, Your Honor.

19            THE COURT:  There is some language in the plea

20   agreement of Mr. Oregel that the government will dismiss any

21   remaining charges, if any, after the sentencing.

22      Since there is that language, I must inform you that if

23   the Court -- well, the Court must decide whether to accept the

24   plea agreement, and if the Court decides to reject the plea

25   agreement, you would then have the opportunity to change your

33

1    plea from guilty to not guilty.  Do you understand,

2    Mr. Oregel?

3           DEFENDANT OREGEL:  Yes, Your Honor.

4           THE COURT:  To all defendants, we have covered a lot

5    of things up to this point.  Does anyone have any questions

6    about anything we have talked about?  If so, would you please

7    let your attorney know at this time?

8           MR. PALMER:  No, Your Honor, not at this time.

9           THE COURT:  All right.  I see that there are no hands

10   without questions.

11       Having heard all of the foregoing, I now ask, how do you

12   plead to the one count superseding information against you,

13   Mr. Oregel, guilty or not guilty?

14          DEFENDANT OREGEL:  Guilty, Your Honor.

15          THE COURT:  How do you plead to the one count

16   indictment against you, Mr. Beltran, guilty or not guilty?

17          DEFENDANT BELTRAN:  Guilty.

18          THE COURT:  How do you plead to the one count

19   information against you, Mr. Sewell, guilty or not guilty?

20          DEFENDANT SEWELL:  Guilty, Your Honor.

21          THE COURT:  How do you plead to the one count

22   information against you, Mr. Govea, guilty or not guilty?

23          DEFENDANT GOVEA:  Guilty, Your Honor.

24          THE COURT:  To defense counsel, is the guilty plea of

25   your client consistent with your advice?

1       Mr. Palmer?

2               MR. PALMER:  It is, Your Honor.

3               THE COURT:  Mr. Stickney?

4               MR. STICKNEY:  Yes, Your Honor.

5               THE COURT:  Mr. Antonio?

6               MR. ANTONIO:  Yes, Your Honor.

7               THE COURT:  Ms. Serrano?

8               MS. SERRANO:  Yes, Your Honor.

9               THE COURT:  Then I will accept each of the pleas of

10      guilty before the Court on the condition that there is a

11      factual basis to support such plea.  In federal court, we do

12      that by way of a document entitled a factual resume.  I have

13      been provided factual resumes in each of the cases before me

14      this morning.  These factual resumes appear to be signed by

15      each defendant and his counsel.

16          Is it your signature on your factual resume, Mr. Oregel?

17               DEFENDANT OREGEL:  Yes, Your Honor.

18               THE COURT:  Mr. Beltran?

19               DEFENDANT BELTRAN:  Yes, sir.

20               THE COURT:  Mr. Sewell?

21               DEFENDANT SEWELL:  Yes, Your Honor.

22               THE COURT:  Mr. Govea?

23               DEFENDANT GOVEA:  Yes, Your Honor.

24               THE COURT:  Have each of you read or had read to you

25      your factual resume, and do you fully understand this

1    document?

2        Mr. Oregel?

3            DEFENDANT OREGEL:  Yes, Your Honor.

4            THE COURT:  Mr. Beltran?

5            DEFENDANT BELTRAN:  Yes, sir.

6            THE COURT:  Mr. Sewell?

7            DEFENDANT SEWELL:  Yes, Your Honor.

8            THE COURT:  Mr. Govea?

9            DEFENDANT GOVEA:  Yes, Your Honor.

10           THE COURT:  Are the facts that are stated in your

11   factual resume true and correct?

12       Mr. Oregel?

13           DEFENDANT OREGEL:  Yes, Your Honor.

14           THE COURT:  Mr. Beltran?

15           DEFENDANT BELTRAN:  Yes, sir.

16           THE COURT:  Mr. Sewell?

17           DEFENDANT SEWELL:  Yes, Your Honor.

18           THE COURT:  Mr. Govea?

19           DEFENDANT GOVEA:  Yes, Your Honor.

20           THE COURT:  To defense counsel, are the facts stated

21   in your client's factual resumes consistent with the true

22   facts as you understand them from your investigation?

23       Mr. Palmer?

24           MR. PALMER:  Yes, sir.

25           THE COURT:  Mr. Stickney?

1           MR. STICKNEY:  Yes, sir.

2           THE COURT:  Mr. Antonio?

3           MR. ANTONIO:  Yes, Your Honor.

4           THE COURT:  Ms. Serrano?

5           MS. SERRANO:  Yes, Your Honor.

6           THE COURT:  It would be appropriate for the United

7    States Attorney to now read the stipulated facts portion of

8    each factual resume here in open court.  However, because each

9    defendant affirmed that those facts are true and correct as

10   has their counsel, I will allow you to waive the reading of

11   your facts.

12       Do you wish to waive that reading, Mr. Oregel?

13          DEFENDANT OREGEL:  Yes, Your Honor.

14          THE COURT:  Mr. Beltran?

15          DEFENDANT BELTRAN:  Yes.

16          THE COURT:  Mr. Sewell?

17          DEFENDANT SEWELL:  Yes, Your Honor.

18          THE COURT:  Mr. Govea?

19          DEFENDANT GOVEA:  Yes, Your Honor.

20          THE COURT:  All right.  Then I will order the filing

21   of the factual resumes to the extent they are not already on

22   file in each case.

23       The Court, being satisfied with the responses given during

24   this hearing, finds that each defendant is fully competent and

25   capable of entering an informed plea and that his plea of

1    guilty to the charge against him is a knowing and voluntary

2    plea, and the plea is supported by an independent basis in

3    fact containing each of the essential elements of the offense

4    charged against the defendant.  I, hereby, accept each of your

5    pleas of guilty, and I pronounce you guilty of the charge

6    against you.

7        As I indicated earlier in the proceeding, a presentence

8    report will be prepared to assist the Court in sentencing.

9    You will be asked to give information for that report, and

10   your degree of cooperation could be a factor in the severity

11   of the sentence you receive.

12       Your attorney is ordered to be present at your interview

13   having a recent familiarity with the sentencing guidelines

14   and, specifically, Section 3E1.1, Application Note 1A, dealing

15   with acceptance of responsibility.  You and your counsel will

16   be provided a copy of the presentence report well in advance

17   of the date of your sentencing, and you will have an

18   opportunity to make comments on it or any objections to it.

19       Because I have conducted this hearing rather than the

20   district judge based upon your consent and the referral to me,

21   I'm making a written report to your district judge telling him

22   what you have said and done here today and what I have found.

23   I also tell you that if you or your attorney have any

24   objections to anything that I have said or done or to the

25   written report itself, those objections must be filed within

1    14 days from the date of this hearing.

2        My clerk will deliver the presentence referral form to the

3    probation office.  A copy of that form has been provided to

4    each defense counsel, and I remind counsel it is your

5    responsibility to contact the probation office as soon as

6    practicable for further instruction regarding the presentence

7    investigation.

8        All right.  Mr. Beltran, you are scheduled to be sentenced

9    on September 26, 2019 at 10 o'clock a.m. before the Honorable

10   Judge Terry R Means.

11       The remaining defendants are scheduled to be sentenced on

12   August 12, 2019 at 9 o'clock a.m. before the Honorable Judge

13   Reed O'Connor.  That will take place in this courtroom.

14       Is there any need to reconsider the custodial status as to

15   Mr. Oregel from the government?

16              MS. SALEEM:  No, Your Honor.

17              THE COURT:  Does the government stipulate that there

18   are facts sufficient for the Court to find that the defendant

19   will not present a risk of flight or nonappearance or danger

20   to the community if allowed to remain out on conditions of

21   release?

22              MS. SALEEM:  Yes, Your Honor.

23              THE COURT:  Then the Court so finds.

24       Mr. Oregel, I'll allow you to remain out on those

25   conditions.  I have a favorable report that you are in

39

1    compliance.  I'm sorry for what you're going through as well.

2    I've been informed.  I hope that situation works out for you.

3    Please continue to abide by your conditions, but you are at

4    this time released on those conditions.  Mr. Palmer is

5    excused.

6              DEFENDANT OREGEL:  Thank you, Your Honor.

7              MR. PALMER:  Thank you, Your Honor.

8              THE COURT:  To the remaining defendants, it's

9    appropriate that you remain in the custody of the United

10   States Marshal pending further proceedings.  So I remand you

11   at this time, and the attorneys are excused.  Good luck to

12   each of you as you go forward.

13        (End of proceedings, 10:20 a.m.)

14

15                          -oOo-

16

17

18

19

20                        CERTIFICATE

21        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter, and
22   that the transcript was prepared by me and under my
     supervision.
23

24   s/  Ana P. Warren                              2019
     Ana P. Warren, CSR #2302                Date
25   U.S. District Court Reporter